**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNESTO RODRIGUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>STU SHERMAN,<br><br>　　　　Respondent. | Case No. 1:16-cv-00669-DAD-EPG-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10) |

Petitioner Ernesto Rodriguez is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2001 conviction in the Fresno County Superior Court for second-degree murder. As the instant petition was filed outside 28 U.S.C. § 2244(d)(1)'s one-year limitation period, the undersigned recommends granting Respondent's motion to dismiss.

**I.**

**BACKGROUND**

In 2001, Petitioner was convicted in the Fresno County Superior Court of second-degree murder. The jury also found true gang and firearm enhancements. Petitioner was sentenced to an imprisonment term of fifteen years to life on the murder count plus twenty-five years to life for the firearm enhancement. The ten-year term for the gang enhancement was stayed. (LDs[1] 1, 2). On September 29, 2003, the California Court of Appeal, Fifth Appellate District struck the ten-

---

[1] "LD" refers to the documents lodged by Respondent on August 15, 2016. (ECF No. 12).

year gang enhancement and affirmed the judgment in all other respects. (LD 2 at 15). The California Supreme Court denied Petitioner's petition for review on December 10, 2003. (LD 4).

Subsequently, Petitioner filed thirteen state post-conviction petitions. (ECF No. 10 at 2–4[2]; LDs 5, 8, 10, 12, 14, 16, 18, 20, 22, 24). On May 9, 2016,[3] Petitioner filed the instant federal petition for writ of habeas corpus, alleging that he received ineffective assistance of counsel during the plea-bargaining process as established in Lafler v. Cooper, 132 S. Ct. 1376 (2012). (ECF No. 1). On July 19, 2016, Respondent filed a motion to dismiss, arguing that the petition was filed outside the one-year limitation period. (ECF No. 10). Petitioner has filed an opposition and Respondent has filed a reply. (ECF Nos. 11, 13).

## II.

## DISCUSSION

**A. Statute of Limitation**

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (*en banc*). As the instant petition was filed after April 24, 1996, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application

---

[2] Page numbers refer to the ECF page numbers stamped at the top of the page.

[3] Pursuant to the mailbox rule, a *pro se* prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988)). See also Rule 3(d), Rules Governing Section 2254 Cases. Respondent has applied the mailbox rule in the motion to dismiss. (ECF No. 10 at 2 n.1).

> created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running from the date that the petitioner's direct review became final. However, in the opposition to the motion to dismiss, Petitioner appears to argue that the limitation period began to run on a later date pursuant to either § 2244(d)(1)(C) or § 2244(d)(1)(D) because Petitioner's Lafler[4] claim was "so novel" that it was not reasonably available to Petitioner on his direct appeal. (ECF No. 11 at 2).

Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases on collateral review, was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C). Here, Petitioner argues that the Supreme Court in Lafler newly recognized a constitutional right. The Ninth Circuit has held that Lafler did not decide a new rule of constitutional law, noting that the Supreme Court "merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063, 80 L. Ed. 2d 674 (1984), and established in the plea-bargaining context in Hill v. Lockhart, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)." Buenrostro v. United States, 697 F.3d

---

[4] In Lafler, the Supreme Court held that in order for a defendant to succeed on an ineffective assistance of counsel claim where ineffective advice led to the rejection of a plea offer, the "defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." 132 S. Ct. at 1385.

1137, 1140 (9th Cir. 2012). See also Holmes v. Johnson, 617 F. App'x 758, 762 (9th Cir. 2015). Accordingly, the Court finds that Lafler did not newly recognize a constitutional right, and therefore, § 2244(d)(1)(C) is inapplicable.

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). "The 'due diligence' clock starts ticking when a person knows or through diligence could discover the vital facts, *regardless of when their legal significance is actually discovered*." Ford v. Gonzalez, 683 F.3d 1230, 1235 (9th Cir. 2012) (emphasis added) (citing Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001); Redd v. McGrath, 343 F.3d 1077, 1082 (9th Cir. 2003)). Here, Petitioner asserts that his ineffective assistance of counsel claim was not reasonably available earlier because Lafler had not been decided yet and the controlling state law at the time required independent corroboration by objective evidence that Petitioner would have accepted the plea offer but for counsel's ineffective advice. (ECF No. 11 at 2). Petitioner does not allege that he discovered the vital *facts* of his ineffective assistance of counsel claim after Lafler was decided, and therefore, § 2244(d)(1)(D) is inapplicable.

Petitioner's conviction became final on March 9, 2004, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Pursuant to § 2244(d)(1)(A), the one-year limitation period commenced running the following day, March 10, 2004, and absent tolling, was set to expire on March 9, 2005. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

**B. Statutory Tolling**

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). On June 21, 2004,[5] Petitioner

---

[5] Respondent has not received a requested copy of the habeas petition filed in the Fresno County Superior Court. (ECF No. 10 at 2 n.2). Because the Court does not have access to any signature date or proof of service date, the Court cannot apply the mailbox rule to this petition.

1 filed a state habeas petition in the Fresno County Superior Court, which denied the petition on
2 June 24, 2004. (ECF No. 10 at 2). There is nothing in the record that suggests this state habeas
3 petition was not properly filed, and Respondent makes no such argument. (ECF No. 10 at 5).
4 Thus, Petitioner is entitled to statutory tolling for the period this state habeas petition was
5 pending in the Fresno County Superior Court.

6 Thereafter, Petitioner filed a state habeas petition in the California Court of Appeal, Fifth
7 Appellate District on August 11, 2005, which was more than thirteen months after the Fresno
8 County Superior Court denied habeas relief. Given that a habeas petition that is untimely under
9 state law is not "properly filed," Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005), "none of the
10 time before or during the state court's consideration of an untimely petition is tolled for purposes
11 of AEDPA's limitations period," Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (*en banc*)
12 (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas
13 petition without comment . . . a federal court 'must itself examine the delay in each case and
14 determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis,
15 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98). In the instant case, the
16 California Court of Appeal summarily denied Petitioner's state habeas petition without comment.
17 Thus, the Court must examine the delay and determine whether the petition was timely under
18 state law.

19 California courts apply a general "reasonableness" standard to determine whether a state
20 habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts
21 had not provided authoritative guidance on this issue," the Supreme Court in Chavis "made its
22 own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays
23 substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis,
24 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a
25 longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (Cal. 1998)).

26 Here, Petitioner filed his petition in the California Court of Appeal more than thirteen
27 months after the Fresno County Superior Court denied habeas relief. Although Petitioner
28 generally explains the delay of the instant federal petition on Lafler being recently decided, this

5

explanation does not justify the delay in filing Petitioner's second state habeas petition in 2005 given that Lafler was decided in 2012. This unjustified thirteen-month delay is substantially longer than the thirty-to-sixty-day benchmark of the reasonable time standard, and therefore, the petition was untimely under California law. See Chavis, 546 U.S. at 201 ("We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing delay 'reasonable.'"). Accordingly, the Court finds that Petitioner is not entitled to statutory tolling for the period this petition was pending and the interval between the superior court's adverse decision and when this petition was filed in the California Court of Appeal.

The Court finds that the instant federal petition was filed outside the one-year limitation period when statutory tolling is applied. The one-year limitation period commenced the day after Petitioner's state conviction became final (March 10, 2004), and 103 days elapsed before Petitioner filed his first state habeas petition in the Fresno County Superior Court (June 21, 2004). The AEDPA's one-year clock stopped while Petitioner's state habeas petition in the Fresno County Superior Court was pending (June 21–24, 2004). Thereafter, 412 days elapsed before Petitioner filed a habeas petition in the California Court of Appeal (August 11, 2005). As discussed above, the untimely petition filed in the California Court of Appeal on August 11, 2005 was not "properly filed," and thus, the time before and during the court's consideration of said petition is not tolled. The limitation period expired before Petitioner filed his petition in the California Court of Appeal and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the Court finds that the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

### C. Equitable Tolling

The limitation period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace, 544 U.S. at 418). Petitioner bears the burden of alleging facts that

would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. However, Petitioner has not made any showing that he is entitled to equitable tolling. Therefore, the instant petition was not timely filed, and dismissal is warranted on this ground.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 10) be GRANTED; and

2. The petition for writ of habeas corpus be DISMISSED as untimely.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 10, 2016**          /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE